**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CARY GRANT ANDERSON, | : | CASE NO. 21-52996-LRC |
| | : | |
|    Debtor. | : | |
| | : | |

| | | |
|---|---|---|
| NEIL C. GORDON, Chapter 7 Trustee | : | |
| for the Bankruptcy Estate of | : | |
| Cary Grant Anderson, | : | |
| | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. |
| | : | |
| SUMMIT FUNDING, INC., | : | 21-ap-05070-lrc |
| LOANCARE, LLC, and LAKEVIEW | : | |
| LOAN SERVICING, LLC | : | |
| | : | |
|    Defendants. | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Lakeview Loan Servicing, LLC ("Lakeview"), has moved the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint (the "Complaint") [Doc 1] filed by Neil C. Gordon, Chapter 7 Trustee for the Bankruptcy Estate of Cary Grant Anderson ("Trustee"). In support of the motion, Lakeview shows this honorable Court the following:

## <u>INTRODUCTION</u>

This adversary proceeding concerns a security deed given to secure a loan for Cary G. Anderson and Melissa Anderson's 2016 purchase of a property in Gwinnett County.  The signature page of the security deed bears four apparent signatures: the signature of two attesting witnesses, a notary public and an unofficial witness; Ms. Anderson's signature on her own behalf, which is handwritten in cursive; and Ms. Anderson's signature of "[her name] as attorney-in-fact for Cary G. Anderson", which is handwritten in print.  The trustee contends that the latter signature, being in print, is insufficient to constitute a signature, making the security deed patently defective, not entitled to recording, and incapable of providing constructive notice despite its recording.  On that basis, the trustee seeks to avoid the security deed as to Mr. Anderson's interest in the property and seeks a declaration that Mr. Anderson's interest was not conveyed by the security deed.

Considering the allegations of the Complaint and those matters of which the Court may take judicial notice, the trustee has failed to state a plausible claim for relief.  His claims fail for two reasons.  First, the security deed is not patently defective.  Under Georgia law, any writing, stamp, or mark made with the intent to be a signature is sufficient as a signature, even when the signer has used a different signature in the same document.  On its face, the security deed meets that

- 2 -

requirement, making its recording effective to give constructive notice.  Second, even if Georgia law were otherwise and Ms. Anderson's signature as attorney-in-fact were insufficient, the trustee could not avoid the security deed or obtain a determination that the security deed does not encumber the entirety of the property. Mr. Anderson conveyed his interest to Ms. Anderson by a quitclaim deed duly-recorded nearly four years before he filed his bankruptcy petition.  Because that instrument is in his chain of title, any purchaser from him would be on constructive notice of Ms. Anderson's sole ownership of the property and at least inquiry notice of the recorded encumbrances against her interest, including the security deed.  The Court should dismiss this adversary proceeding with prejudice.

## FACTUAL BACKGROUND[1]

On September 7, 2016, Cary Grant Anderson ("Debtor") and his daughter, Melissa M. Anderson ("Ms. Anderson" and, with Debtor, the "Andersons"), purchased from Morihiro Saito ("M. Saito") the real property located at 2554 Sterling Drive, Lawrenceville, Gwinnett County, Georgia (the "Property").  (See Compl. [Doc 1], ¶ 14.)  M. Saito conveyed the Property to the Andersons by warranty deed (the "Limited Warranty Deed"), (ibid.) though he did not sign it himself.  (See the true and correct

---

[1] To the extent that the facts recited below are taken from the allegations of the Complaint, Lakeview does not admit them by reciting them.

copy of the Limited Warranty Deed attached hereto as **Exhibit 1**.)  M. Saito had given a power of attorney (the "Saito POA") to Takeshi Saito ("T. Saito"), who, as attorney-in-fact for M. Saito, signed the Limited Warranty Deed on M. Saito's behalf by writing in print the following in the blank intended for the grantor's signature: "MORiHiRO SAiTO by Takeshi Saito as attorney-in-fact".  (*Ibid*.; see also the true and correct copy of the Saito POA attached hereto as **Exhibit 2**.)

The Andersons funded their purchase of the Property with a loan from Summit Funding, Inc. ("Summit"), in the original principal amount of $185,578 (the "Purchase Money Loan"), and, to secure the repayment of that loan, gave to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Summit, a security deed by which they conveyed legal title to the Property (the "Purchase Money Security Deed"). (See Compl., Ex. A.)  Ms. Anderson signed her own name to the document; Debtor did not.  (*Id*. [Doc 1, p. 18.])  Rather, Ms. Anderson also signed on Debtor's behalf as attorney-in-fact under a specific power of attorney (the "Anderson POA").  (*Ibid*.; see also Compl., Ex. B.) When signing on her own behalf, Ms. Anderson signed her name in cursive, but, as T. Saito had done in the Limited Warranty Deed, she signed in print when she signed as attorney-in-fact.  (Compl., Ex. A [Doc 1, p. 18.])

On October 28, 2016, the Saito POA, the Warranty Deed, the Anderson POA, and the Purchase Money Security Deed were recorded together in Deed Book 54693

of the records of the Superior Court of Gwinnett County, Georgia. The Saito POA was recorded in Pages 162 – 163; the Limited Warranty Deed in Page 164, the Anderson POA in Pages 165 – 166; and the Purchase Money Security Deed in Pages 167 – 182. (See Exhibits 1 and 2 and Compl., Ex. B.)

On or about July 17, 2017, Debtor and Ms. Anderson executed a Quit Claim Deed, conveying to Ms. Anderson the entirety of the Property. The same day, the Quit Claim Deed was recorded in Deed Book 55262, Page 270, Gwinnett County, Georgia records. (A true and correct copy of the Quit Claim Deed is attached hereto as **Exhibit 3**.) [2]

On April 14, 2021, Debtor filed his voluntary petition, initiating the instant bankruptcy. (See Compl., ¶ 9.) Trustee was appointed as the Chapter 7 Trustee for

---

[2] In accordance with Rule 201(c)(2) of the Federal Rules of Evidence, Lakeview requests that the Court take judicial notice of the Saito POA, the Limited Warranty Deed, the Quit Claim Deed and their recording, which facts may be accurately and readily determined from the land records of the Superior Court of Gwinnett County. Hadley v. Bank of Am., N.A., 1:17-CV-1522-TWT-LTW, 2018 WL 4656426, at *19 (N.D. Ga. Aug. 27, 2018), report and recommendation adopted, 1:17-CV-1522-TWT, 2018 WL 4636629 (N.D. Ga. Sept. 26, 2018) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1990)); *Ricketts v. Bank of Am., N.A.*, 1:12-CV-04034-RWS, 2013 WL 3191077, at *1 (N.D. Ga. June 21, 2013) (recognizing that Court could take judicial notice of public records, including a recorded deed). Lakeview notes that consideration of those facts, being based on public records, does not require the conversion of Lakeview's motion to dismiss into a motion for summary judgment. See Rule 201(d), Fed. R. Evid.; *Matter of Dennis*, AP 17-05200-LRC, 2017 WL 4457414, at *1, n.1 (Bankr. N.D. Ga. Oct. 4, 2017); *Bryant*, 187 F.3d at 1280.

the Debtor's estate (the "Bankruptcy Estate"). (*See id.* at ¶¶ 11 and 12.) On July 19, 2021, Trustee filed his Complaint in this adversary proceeding.

## ARGUMENT AND CITATION OF AUTHORITY

Trustee seeks to avoid the Purchase Money Security Deed under 11 U.S.C. § 544(a)(3) and seeks a determination that the Purchase Money Security Deed does not encumber the Debtor's interest in the Property.[3]  For each request for relief, his asserted grounds are the same: Trustee argues that the Purchase Money Security Deed is voidable by a bona fide purchaser because Ms. Anderson's signature as attorney-in-fact for Debtor is patently defective due to its being in print when her personal signature is in cursive.  (See Compl., ¶¶ 19 – 21, 28 – 30, and 32.)  Trustee can prevail on neither claim.

### I.    Trustee's claims fail as a matter of law because he had constructive notice of the Security Deed.

Section 544(a)(3) gives the Trustee the power to avoid a pre-petition transfer of the Debtor's property if, at the commencement of the bankruptcy case, the transfer is voidable by "a bona fide purchaser . . . from the debtor, against whom applicable

---

[3] Trustee also seeks to recover the Security Deed itself or the value thereof under 11 U.S.C. § 550 and to preserve the Security Deed for the benefit of unsecured creditors under 11 U.S.C. § 551.  Recovery under § 550 and preservation under § 551 are permitted only after a transfer has been avoided. 11 U.S.C. §§ 550(a) and 551. Thus, if the Court dismisses the claim under § 544, it should also dismiss the claims under §§ 550 and 551

law permits such transfer to be perfected . . . , whether or not such a purchaser exists."
11 U.S.C. § 544(a)(3).  Because the Property is in Georgia, Georgia law controls
whether and when a bona fide purchaser could avoid, or acquire an interest superior
to, the Purchase Money Security Deed.  *In re Codrington*, 691 F.3d 1336, 1339 (11th
Cir. 2012).

Under Georgia law, a bona fide purchaser may avoid only those interests of
which the purchaser has no notice.  *See Brock v. Yale Mortgage Corp.*, 287 Ga. 849,
852, 700 S.E.2d 583, 586 (2010) (citing *Farris v. Nationsbanc Mtg. Corp.*, 268 Ga.
769, 770(2), 493 S.E.2d 143 (1997); OCGA §§ 23–1–19, 23–1–20). A security deed
that appears on its face to have been executed and attested in accordance with
O.C.G.A. § 44-14-61 provides constructive notice from the time it is filed for record.
*See Leeds Bldg. Products, Inc. v. Sears Mortgage Corp.*, 267 Ga. 300, 301, 477
S.E.2d 565, 567 (1996) (citing O.C.G.A. § 44-2-2(b)).  Even if a security deed does
not meet the requirements of that statute, however, a bona fide purchaser is on notice
of it if the contents of a properly recorded instrument put the bona fide purchaser on
inquiry notice. *See Roth v. Connor*, 235 Ga. App. 866, 871, 510 S.E.2d 550, 556
(1998) ("It is presumed that a purchaser has examined every deed and instrument
affecting the title. He is charged with notice of every fact shown by the records, and
is presumed to know every other fact which an examination suggested by the records

would have disclosed." (Citations and quotation punctuation omitted.); *In re Mun. Corr., LLC*, 501 B.R. 119, 132 (Bankr. N.D. Ga. 2013); *see also* O.C.G.A. § 44-2-20.

As discussed below, the Purchase Money Security Deed was executed and attested in the manner required by O.C.G.A. § 44-14-61. But even if it could be viewed as deficiently executed as to Debtor's interest, as the Trustee contends, Trustee had at least inquiry notice of it. The Quit Claim Deed into Ms. Anderson would have put a bona fide purchaser from the Debtor on notice that title had been vested solely in Ms. Anderson. Having such notice, any purchaser, even one who thought he could avoid the transfer to Ms. Anderson, would have to inquire as to the extent of Ms. Anderson's interest to avoid potential interests of bona fide purchaser's from Ms. Anderson. That inquiry would reveal the recorded Purchase Money Security Deed which purports to encumber Debtor's interest.

## A. On its face, the Purchase Money Security Deed meets the requirements of O.C.G.A. § 44-14-61.

To be admitted to record under O.C.G.A. § 44-14-61, a security deed must "be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness." O.C.G.A. § 44-14-61. The Trustee does not contest that the Purchase Money Security Deed was properly attested. Nor does he contest that Ms. Anderson, one of the makers signed the Purchaser Money Security

Deed" or that Ms. Anderson's signing the instrument as attorney in fact for Debtor would be ineffective. [4]  Rather, he contends that Ms. Anderson's printing of her name as attorney in fact for Debtor was insufficient as a signature because she had signed her name in cursive when she signed for herself.  In other words, the Trustee contends that, when one has previously signed one's name in cursive, printing one's name does not satisfy the signing requirement of O.C.G.A. § 44-14-61.

As a matter of logic, the Trustee's contention is untenable.  When a person has signed an instrument in different ways, what is the basis for determining which instance of signing is a signature?  More specifically, with respect to the Purchase Money Security Deed, how, without making an assumption based on mere supposition, does one conclude from the face of the instrument that Ms. Anderson's name written in cursive is her signature while her name as attorney in fact for Mr.

---

[4] From the allegations of the Complaint, and from the Trustee's attachment to it of the Anderson POA, it appears that Trustee does not contest that Ms. Anderson was authorized to sign for Mr. Anderson as his attorney in fact.  Nor does the Trustee contend that an attorney-in-fact may not bind his principal by signing her name as attorney-in-fact for the principal.  On the latter point, the law is well-established that she may and does when the instrument discloses the intent that the principal be bound.  *See, e.g., Garrett v. Crawford*, 128 Ga. 519 (1935) (on unrelated grounds superseded by statute, as explained in *JIG Real Estate, LLC v. Countrywide Home Loans, Inc.*, 712 S.E.2d 820 (Ga. 2011)).  Here, the fact that the term "Borrower" in the Purchase Money Security Deed is defined to include both of the Andersons and that there are separate signature lines for Ms. Anderson personally and for Ms. Anderson as Debtor's attorney in fact confirms the intent that Debtor is to be bound by Ms. Anderson's execution of the Purchase Security Deed as his attorney-in-fact.

Anderson is not?  Fortunately, Georgia law requires no guesswork.

Under Georgia law, any writing, stamp, or mark made with the intent to be a signature is sufficient as a signature.  *See Davis v. Daniels*, 655 Fed. Appx. 755, 757 (11th Cir. 2016) (citing Georgia law); *see also Davis v. Harpagon Co., LLC*, 281 Ga. 250, 637 S.E.2d 1, 2–3 (2006) (stamped name on a deed sufficient as a signature); *Gillis v. Gillis*, 96 Ga. 10, 23 S.E. 107.  That is so even when the maker has used different signatures in the same instrument. *See Daniels*, 655 Fed. Appx. at 757.

In *Daniels*, a lender sought to collect on several promissory notes that its borrower had signed.  The lender argued that the notes were under seal, making a 20-year, rather than a six-year, statute of limitations applicable. To avoid that longer statute of limitations, the borrower contended that, because he had signed his name in cursive two inches to the left of the seal and printed his name next to the seal, the seal was ineffective.   Following Georgia law concerning the sufficiency of signatures, the Eleventh Circuit rejected the borrower's contention and held that the borrower's printed name constituted a signature under Georgia law.  *Id*. at 757.

Under Georgia law, both Ms. Anderson's printed name, as attorney in fact for Mr. Anderson, and her cursive name are signatures.  Those signatures are attested by an official witness and an unofficial witness.  "By attesting a document, an

individual signifies that he has witnessed the execution of the particular document. Black's Law Dictionary 117 (5th ed.1979) (citations omitted)." *Wells Fargo Bank, N.A. v. Gordon*, 292 Ga. 474, 476, 749 S.E.2d 368, 370 (2013) (quoting *In re Fleeman*, 81 B.R. 160, 163 (Bankr.M.D.Ga.1987)). Thus, that Ms. Anderson signed twice, once for herself and once as attorney-in-fact for Debtor, is presumed from the attestations of those witnesses, making any alleged defect latent rather than patent.

A security deed is in the proper form for recording when it is signed by the maker and attested by an official witness and an unofficial witness. O.C.G.A. § 44-14-61. The Purchase Money Security Deed, having been signed by or on behalf of the makers, and attested by an official witness and an unofficial witness, is not patently defective but was in the proper form for recording. Therefore, its recording gives constructive notice of its encumbrance of whatever interest Debtor may have in the Property, s*ee Leeds Bldg. Products*, 267 Ga. at 301, barring a determination that the Purchase Money Security Deed does not encumber the Property and barring Trustee's avoidance of it under § 544(a)(3).

**B.    A hypothetical bona fide purchaser from Debtor would have inquiry notice of the Purchase Money Security Deed and its encumbrance of whatever interest Debtor could convey.**

In Georgia, "[t]he concept of inquiry notice imputes knowledge of an earlier interest to a later purchaser of an interest in land whenever there is 'any circumstance

which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry.'" *In re Hedrick*, 524 F.3d 1175, 1183 (11th Cir.2008) (quoting *Page v. Will McKnight Constr., Inc.*, 282 Ga. App. 571, 639 S.E.2d 381 (2006)). "Georgia courts have not limited inquiry notice solely to information found in the public records; rather, Georgia courts have explicitly stated that, once the duty to inquire is triggered, a hypothetical purchaser has notice of everything an inquiry might have uncovered." *In re Hugh*, 09-10164-WHD, 2009 WL 6499247, at *3 (Bankr. N.D. Ga. Nov. 25, 2009) (citing *Deljoo v. SunTrust Mortg., Inc.*, 248 Ga. 438, 439 (2008) and *Gallagher v. Buckhead Community Bank*, 299 Ga. App. 622, 683 S.E.2d 50, 2009 WL 2195932, *3 (2009)); *see also In re Mun. Corr.*, 501 B.R. at 132.

A hypothetical purchaser has constructive notice of any matter appearing in its chain of title. *Virginia Highland Civic Ass'n, Inc. v. Paces Properties, Inc.*, 250 Ga. App. 72, 74, 550 S.E.2d 128, 130 (2001). "The chain of title includes all recorded instruments pertaining to the property that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument." *VATACS Grp., Inc. v. HomeSide Lending, Inc.*, 276 Ga. App. 386, 391, 623 S.E.2d 534, 539 (2005), aff'd, 281 Ga. 50, 635 S.E.2d 758 (2006). In 2017, when the Debtor and Ms. Anderson executed the Quit Claim Deed, each had, through the Limited Warranty Deed, a recorded interest in the Property. Consequently, when Debtor

filed his petition in April 2021, the Quit Claim Deed would have been in the chain of title to the Property, putting the purchaser on notice of that deed and of the fact that, according to the public records, the Debtor no longer had an interest in the Property. *See Virginia Highland Civic Ass'n, Inc. v. Paces Properties, Inc.*, 250 Ga. App. at 74.

Would a purchaser proceed with a purchase of the Property from Debtor, whom he knows to have no interest in the Property? Doubtful. But, for the sake of argument, assume that the purchaser has reason to suspect that the Quit Claim Deed is subject to attack as a fraudulent transfer.[5]  Would that purchaser, whom the law presumes to be of ordinary prudence, proceed with the purchase without inquiring into the extent of Ms. Anderson's interest?  No.  For if Ms. Anderson herself had conveyed to a bona fide purchaser without notice of the basis for the fraudulent transfer claim, particularly if that purchaser had paid a reasonably equivalent value, the purchaser from the Debtor could not recover the Property.  *See, e.g., Speedway*

---

[5] As evidenced by the complaint filed in Trustee's action against Ms. Anderson, *Neil C. Gordon, Chapter 7 Trustee for the Bankruptcy Estate of Cary Grant Anderson v. Melissa S. Anderson*, Case No. 2021-ap-05072-lrc in the Bankruptcy Court for the Northern District of Georgia, the Trustee does, in fact, contend that the transfer to Ms. Anderson under the Quit Claim Deed is a voidable transfer under O.C.G.A. §§ 18-2-74 and/or 75.  Lakeview asks the Court to take judicial notice of the fact that the Trustee has so contended and, for that purpose, attaches hereto as **Exhibit 4** a copy of the Trustee's complaint against Ms. Anderson.

*Motorsports, Inc. v. Pinnacle Bank*, 315 Ga. App. 320, 322, 727 S.E.2d 151, 154 (2012); see also O.C.G.A. § 18-2-77(a). Thus, a person of ordinary prudence who intended to purchase from the Debtor would be bound to inquire into Ms. Anderson's interest. Such an inquiry into Ms. Anderson's interest would, at a minimum, disclose the Purchase Money Security Deed in Ms. Anderson's chain of title and, therefore, put the purchaser on notice that it purported to convey the Debtor's interest in the Property as security for the Purchase Money Loan.

>   **C.    Even if Ms. Anderson's printed signature as attorney-in-fact did not, by itself, bind Debtor and convey his interest in the Property, it would bind a bona fide purchaser because the purchaser would be on notice of Debtor's ratification of the Purchase Money Security Deed.**

If the Court were to determine that the Purchase Money Security Deed, as executed, was insufficient to convey Debtor's interest in the Property, the Purchase Money Security Deed would remain a valid conveyance of Debtor's interest because Debtor ratified it. "'Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.'" *Higgins v. D & F Elec. Co.*, 110 Ga. App. 790, 799, 140 S.E.2d 99, 105 (1964) (quoting *Greene v. Golucke*, 202 Ga 494(1), 43 S.E.2d 497 (Ga. 1947)). "A ratification may be express or implied from the acts or silence of the principal."

- 14 -

O.C.G.A. § 10-6-52.  A ratification is implied when a principal, with full knowledge of the act of its agent, accepts the benefit of the act.  *See, e.g., Ferguson v. Bishop*, 150 Ga. App. 469, 471, 258 S.E.2d 143, 144 (1979); *Holliday Constr. Co. v. Sandy Springs Assoc.*, 198 Ga. App. 20, 21(2), 400 S.E.2d 380 (1990).  "A ratification relates back to the act ratified and takes effect as if the act had been originally authorized," and, once made, "may not be revoked."  *Frady v. Irvin*, 245 Ga. 307, 310, 264 S.E.2d 866, 870 (1980).

Even if the Purchase Money Security Deed were not on its face valid as a conveyance from Debtor, Debtor ratified that conveyance on September 7, 2016, the date of both the Limited Warranty Deed and the Purchase Money Security Deed, by accepting the Purchase Money Loan and its fruits, the Property.  Indeed, as shown by the Anderson POA, Debtor had made Ms. Anderson his attorney-in-fact so that she could, "for [him], and in [his] name, place, and stead . . . consummate a . . . purchase of [the Property]," including by giving security deeds and making such encumbrances and conveyances as Ms. Anderson "may deem advisable or satisfactory." (See Compl., Ex. B., ¶¶ (a), (c), and (e).)  Accordingly, as to Debtor, the Security Deed would be valid from September 7, 2016, even if there were some question as to the initial effect of Ms. Anderson's execution of the Purchase Money Security Deed on his behalf.

As discussed above, a hypothetical bona fide purchaser would be on constructive or inquiry notice of the Purchase Money Security Deed. Even if the Debtor had doubts about the effect or sufficiency of Ms. Anderson's execution as attorney-in-fact for Debtor, she could not ignore the Purchase Money Security Deed it but would have to inquire as to whether Debtor's interest was encumbered by it. *See Deutsche Bank Nat'l Tr. Co. v. Kelley*, 615 B.R. 940, 945 (M.D. Ga. 2020) ("Once the duty to inquire arises, a purchaser's ignorance of issues affecting the title because he failed "to make the additional inquiry will be the equivalent of the purchaser's constructive knowledge of that fact."); *see also In re Hackney*, 09-79795-JRS, 2014 WL 4059787, at *5 (Bankr. N.D. Ga. Apr. 2, 2014) ("[T]ransferees cannot simply bury their heads in the sand and later claim they took in good faith "if they remain willfully ignorant in the face of facts which cry out for investigation.") That inquiry would, through the public records alone, reveal at least the fact that the Purchase Money Security Deed secures a purchase money loan and that Debtor's interest was acquired by his acceptance of that purchase money loan. Thus, even if Ms. Anderson's execution of the Purchase Money Security Deed as Debtor's attorney-in-fact were insufficient, a hypothetical bona fide purchaser would be on notice of Debtor's ratification of the Purchase Money Security Deed and unable to avoid it.

## CONCLUSION

Considering the allegations of the Complaint and those matters of which the Court may take judicial notice, the Complaint does not state facts plausibly giving rise to the Trustee's entitlement to relief under any legal theory. Therefore, the Trustee has failed to state a claim for relief upon which relief may be granted. Defendant Lakeview requests that the Complaint be dismissed with prejudice.

Respectfully submitted this the 25th day of August, 2021.

*/s/ Austin E. James*
AUSTIN E. JAMES
Georgia Bar No. 472117
Attorney for Lakeview

Fidelity National Law Group
4170 Ashford Dunwoody Road, Suite 460
Atlanta, Georgia  30041
Direct: 770-325-4807
Facsimile: (404) 479-2591
austin.james@fnf.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk

of Court and served the same through the Court's electronic CM/ECF transmission

upon the following Filing Users registered to receive filings in this case to:

Neil C. Gordon
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
neil.gordon@agg.com
*Attorney for Plaintiff*

this 25th day of August, 2021.

*/s/ Austin James*
Austin E. James
Georgia Bar No. 472117

Exhibit 1

Exhibit 2

Exhibit 3

Exhibit 4